# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

Nº 2:12-CR-0063 (JFB)

CARLOS VELASQUEZ,

Petitioner,

VERSUS

UNITED STATES OF AMERICA,

Respondent.

FILED
CLERK

11:53 am, Feb 11, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

## MEMORANDUM AND ORDER
February 11, 2022

JOSEPH F. BIANCO, Circuit Judge (sitting by designation):

*Pro se* Petitioner Carlos Velasquez ("Petitioner") moves this Court, pursuant to 28 U.S.C. § 2255, to vacate his conviction under 18 U.S.C. § 924(c). (Dkt No. 702.) On June 5, 2014, pursuant to a plea agreement, Petitioner pled guilty to one count of Hobbs Act robbery conspiracy, pursuant to 18 U.S.C. § 1951(a), and one count of discharging a firearm during a crime of violence, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii). The Court sentenced Petitioner to a total term of 300 months' imprisonment.

In the instant motion, Petitioner asserts that his conviction under 18 U.S.C. § 924(c)(1)(A)(iii) must be vacated due to the Supreme Court's decisions in *Johnson v.*

*United States*, 576 U.S. 591 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Specifically, he argues that, because conspiracy to commit Hobbs Act robbery is not a categorical "crime of violence" under Section 924(c)(3)(A), it cannot serve as the predicate for his Section 924(c)(1)(A)(iii) conviction. The government opposes his motion. For the reasons set forth below, the Court denies the motion.

### I. BACKGROUND

The following facts and procedural history are taken from the motion, the documents attached thereto, and the plea and sentencing record.

1

A. Facts

1. Robberies

At the time of the charged offenses, Petitioner was a member of La Mara Salvatrucha, a violent street gang commonly known as MS-13. (Sentencing Tr. 23.)[1] Petitioner first became involved in gang activity at the age of seventeen. (Sentencing Tr. 23.) Between November 1, 2011 and February 28, 2012, Petitioner and other MS-13 members conspired to commit, and did, in fact, commit, six armed robberies across Long Island. (Plea Tr. 9, 23–24, 28.)[2] These activities were directed at local businesses and a church. (Sentencing Tr. 24; Plea Tr. 23–24.)

Each of the six robberies involved the brandishing of a firearm. (Plea Tr. 20–21.) In two of the six robberies, Petitioner acted as the driver. (Sentencing Tr. 29.) In the other four, he was one of the gunmen. (Sentencing Tr. 29.)

On October 10, 2013, a grand jury returned a seventy-five-count superseding indictment charging Petitioner and numerous other MS-13 members with various crimes, including, among other things, Hobbs Act robbery, Hobbs Act robbery conspiracy, and related firearm charges in connection with the six armed robberies.

2. The Plea

On June 5, 2014, Petitioner entered into a plea agreement with the government and pled guilty to two charges. (Dkt. No. 729, Ex. 1.)

Pursuant to the plea agreement, Petitioner agreed to plead guilty to Counts Fifty and Sixty-Seven of the superseding indictment, charging violations of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(iii), respectively. (*Id.* at 1.) Count Fifty charged Petitioner with participating in a conspiracy to commit robberies, and Count Sixty-Seven charged Petitioner with brandishing and discharging a firearm in connection with both the robbery conspiracy charged in County Fifty, and the February 13, 2012 robbery at the Mi Tierrita restaurant in Brentwood, New York charged in Count Sixty-Six. Additionally, Petitioner agreed not to appeal or otherwise challenge the conviction or sentence, such as through a motion pursuant to 28 U.S.C. § 2255, if the Court imposed a total term of imprisonment of 308 months of imprisonment or less. (*Id.* at 6.)

At the plea proceeding, the Court described the rights Petitioner was giving up by pleading guilty. (Plea Tr. 5–11.) As relevant here, those rights included, among others, the Petitioner's right to have the government prove every element for each charged offense to the jury beyond a reasonable doubt at trial. (Plea Tr. 10–11.) For Count Sixty-Seven, discharging a firearm during a crime of violence, the Court stated that the government would have to prove, among other things, that Petitioner committed a crime of violence. Specifically, the Court stated that the government would have to prove all of the elements of the substantive crime of robbery for the robbery at the Mi Tierrita restaurant. (Plea Tr. 10–

---

[1] Citations to "Sentencing Tr." are references to the transcript of Petitioner's September 2, 2015 sentencing proceeding.

[2] Citations to "Plea Tr." are references to the transcript of Petitioner's June 5, 2014 plea hearing.

11.)   The Court then asked Petitioner if he understood that, by pleading guilty, he was giving up that right.  Petitioner responded, "Yes." (Plea Tr. 11.)

The Court also made clear that Petitioner was waiving his right to appeal or otherwise challenge the conviction or sentence if the total sentence imposed was for a term of imprisonment of 308 months or less.  (Plea Tr. 18.)   The Court once again asked Petitioner if he understood, to which Petitioner responded, "Yes." (Plea Tr. 11.)

Petitioner allocuted to his participation in the six armed robberies, including the Mi Tierrita restaurant robbery, and that at least one gun was brandished during each of the robberies.  As relevant here, Petitioner described bringing guns to Mi Tierrita restaurant with the intention of using the weapons to commit robbery.  He explained that every coconspirator who entered Mi Tierrita, including Petitioner, had a gun with them, he displayed his gun to the employees, he knew that at least one of the guns was loaded, and another coconspirator discharged his gun during the robbery. (Plea Tr. 22–23.) Petitioner also admitted that he personally threw victims to the ground and kept them on the ground so that they could not move. (Plea Tr. 21.)  After allocuting to his participation in all six of the armed robberies, including the Mi Tierrita restaurant robbery, Petitioner formally pled guilty to both charges—namely, the robbery conspiracy (Count Fifty) and the charge of discharging a firearm during a crime of violence under an aiding and abetting theory (Count Sixty-Seven). (Plea Tr. 28–29.)

### 3. Sentencing

On September 2, 2015, Petitioner appeared for sentencing.  At the sentencing proceeding, the Court imposed a total sentence of 300 months' imprisonment—180 months' imprisonment for Count Fifty and 120 months' imprisonment for Count Sixty-Seven—with the sentences to run consecutively to each other. (Sentencing Tr. 35.)

### 4. The Instant Motion

On August 5, 2019, Petitioner filed the instant *pro se* motion pursuant to 28 U.S.C. § 2255, (Dkt. No. 702), which the government opposed on June 29, 2020, (Dkt. No. 729).  Petitioner filed his first reply brief on September 8, 2020, (Dkt. No. 735), and a second on October 6, 2020, (Dkt. No. 740).

The Court has fully considered the parties' submissions and arguments, and denies Petitioner's motion for the reasons set forth below.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" when petitioner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

With respect to the issue of whether an evidentiary hearing is warranted, § 2255

states that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Here, there are no facts in dispute. Therefore, the Court decides this motion on the papers submitted by the parties.

### III. DISCUSSION

Petitioner asserts that his Section 924(c)(1)(A)(iii) conviction was based on the Hobbs Act conspiracy charge in Count Fifty (to which he also pled guilty) as the predicate crime of violence. Therefore, because Hobbs Act conspiracy is not a categorical crime of violence, Petitioner argues that his conviction should be vacated under 28 U.S.C. § 2255. As set forth below, the Court concludes that Petitioner's claim is without merit and, therefore, denies the motion.[3]

#### A. Legal Standard

18 U.S.C. § 924(c) criminalizes the use or carrying of a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines an offense as a "crime of violence" two ways. The first is through the "elements clause," which involves an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second is through the "residual clause," which involves an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The Supreme Court has held that the residual clause is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Thus, in order to meet the predicate of a crime of violence under § 924(c), the offense must qualify under the elements clause.

To determine whether an offense is a crime of violence under the elements clause, courts use the "categorical approach." *See Mathis v. United States*, 136 S. Ct. 2243,

---

[3]    Because the Court holds that Petitioner's challenge fails on the merits, the Court does not need to address the government's argument that, because Petitioner received a sentence of below 308 months' imprisonment, Petitioner has waived his right to appeal or collaterally attack his conviction and/or sentence, including any claim based upon *Davis*, under his plea agreement with the government. (Dkt. No. 729 at 6.) This issue remains an open question, as "[c]ourts within this Circuit are divided whether, when a petitioner has agreed to a collateral attack waiver in a plea agreement, the waiver is enforceable when the petitioner seeks habeas relief pursuant to *Davis*." *Hernandez v. United States*, No. 14-CR-0264(JS), 2021 WL 3426110, at *3 (E.D.N.Y.

Aug. 5, 2021). The Second Circuit appears only to have addressed this issue in the specific context of the government consenting to a resentencing following *Davis* despite a waiver. *See United States v. Borden*, 16 F.4th 351, 352 (2d Cir. 2021). The court made clear that its holding was limited to the precise scenario before it. *See id.* ("In this appeal we consider whether the Government broadly surrenders its right to enforce an appellate waiver provision in a plea agreement when it consents to a federal habeas proceeding that is otherwise barred by the provision . . . We hold that under the circumstances of this case the appellate waiver provision remains enforceable.")

2248-49 (2016). Under this approach, the Court identifies "the minimum criminal conduct necessary for conviction under a particular statute," *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006), by looking to the statutory elements of an offense only, not to the underlying facts, *see Descamps v. United States*, 570 U.S. 254, 261 (2013). The Second Circuit has held that under this approach, without the residual clause, Hobbs Act robbery conspiracy does not meet the definition of "crime of violence." *See United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019). However, *substantive* Hobbs Act robbery fits within the definition of a crime of violence under the elements-only categorical approach. *See United States v. Hill*, 890 F.3d 51, 53, 60 (2d Cir. 2018), *cert denied*, 139 S. Ct. 844 (2019).

B. Application

Petitioner's motion fails on the merits. Petitioner claims that his conviction on Count Sixty-Seven of the superseding indictment should be vacated because, in 2019, the Supreme Court held that § 924(c) convictions cannot be predicated on inchoate crimes, such as conspiracy. Specifically, Petitioner argues that his § 924(c) conviction does not include the requisite predicate crime of violence because he pled guilty to Hobbs Act robbery conspiracy, not to substantive Hobbs Act robbery. As set forth below, Petitioner's argument fails because his § 924(c) conviction was not predicated on Hobbs Act robbery *conspiracy*, but rather on the substantive robbery offense—namely, the armed robbery at the Mi Tierrita restaurant.

First, the firearms count (Count Sixty-Seven) referenced not just the robbery conspiracy as the predicate crime of violence, but also explicitly referenced the Mi Tierrita restaurant robbery charged in Count Sixty-Six of the superseding indictment.

Second, at the plea proceeding, the Court explicitly instructed Petitioner that, with regard to the § 924(c) charge, the government would have to prove at trial the elements for *substantive* robbery—not merely for conspiracy:

> [The Court:] And then with respect to Count 67, they [*i.e.*, the government] would have to prove, first, that you committed a crime of violence; *specifically, they would have to prove all the elements of the robbery of Mi Teresa [sic] Restaurant.* So they would have to prove you committed that robbery. And they would have to prove, second, that you knowingly and intentionally used or carried a firearm during and in relation to the commission of the crime of violence in order to make it come about. And, third, they would have to prove that the firearm was brandished and discharged during the course of that robbery. And they would have to prove that that robbery occurred on or about the date in the indictment. And they would have to prove that each of the counts occurred in the Eastern District of New York; these robberies occurred in the Eastern District of New York. Do you understand the government would have to prove these elements to the jury beyond a reasonable doubt, and by pleading

guilty you are giving up your right to have them do so?

The Defendant: Yes.

(Plea Tr. 10–11 (emphasis added).) Petitioner acknowledged that he understood this requirement and chose to continue with his guilty plea.

Finally, Petitioner allocuted, in detail, to the substantive robbery offense during his plea hearing. In other words, Petitioner admitted that he knowingly and intentionally participated in the armed robbery at the Mi Tierrita restaurant with a firearm. Specifically, he admitted that he brandished a gun during the robbery, that he knew his coconspirators also possessed guns, and that one coconspirator discharged his gun during the robbery. (Plea Tr. 19–25.)

Under these circumstances, the fact that the firearms count, in addition to the substantive robbery, also referenced the robbery conspiracy does not raise any constitutional issue under *Davis*. *See, e.g.,* *United States v. Walker*, 789 F. App'x 241, 244–45 (2d Cir. 2019) (summary order) (holding that, where the defendant pled guilty to a § 924(c) count with "convictions for both conspiracy *and* substantive Hobbs Act robbery as the predicate crimes of violence," the substantive Hobbs Act robbery provides the necessary predicate under *Davis* and prior Second Circuit precedent in *Hill* and *Barrett*). Thus, this case is therefore entirely distinct from instances where the defendant allocuted only to *conspiracy*. *Cf. United States v. Biba*, 788 F. App'x 70, 72 (2d Cir. 2019). Instead, it is clear from the plea hearing that Petitioner was properly advised regarding the underlying substantive Hobbs Act robbery offense that formed the predicate of the firearm charge, and then admitted to his participation in that armed robbery. Because substantive Hobbs Act robbery fits within the definition of crime of violence under the elements-only categorical approach, Petitioner's argument fails on the merits. *See* *Hill*, 890 F.3d at 60; *Barrett*, 937 F.3d at 128.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has failed to demonstrate a basis for relief under 28 U.S.C. § 2255. Accordingly, his motion is denied in its entirety on the merits.

Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purposes of any appeal. *See* *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court shall close this case and shall mail a copy of this Memorandum and Order to Petitioner.

SO ORDERED.

/s/Joseph F. Bianco

JOSEPH F. BIANCO
United States Circuit Judge

Dated: February 11, 2022
Central Islip, New York

\* \* \*

Petitioner is proceeding *pro se*. The United States is represented by Breon Peace, United States Attorney, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722, by Paul G. Scotti, Assistant United States Attorney.